IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA LEA, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| SUNRISE CREDIT SERVICES, INC., § | |
| Defendant § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Angela Lea ("Plaintiff"), an individual, for Defendant Sunrise Credit Services, Inc.'s ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

1. Plaintiff is a natural person residing in the State of Texas, County of Harris, and City of Houston.

2. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

7. Specifically, Plaintiff's alleged obligation was incurred in connection with an open account that Plaintiff originally intended for commercial use, but all amounts asserted to be owed or due a creditor other than Defendant were derived from transactions the sole purpose of which was personal, family or household use.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

9. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on December 12, 2011 at 6:18 P.M., and at such time, left the following pre-recorded voicemail message:

> "This is an important message for. Hello this is an important message for Angela Lea. If you are Angela Lea please contact us at 866-257-3632 Monday through Friday from 9 A.M. to 9 P.M.  Thank you."

10. In its December 12, 2011 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

11. In its December 12, 2011 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

12. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in a telephone call to Plaintiff, in its December 12, 2011 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

13. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkurz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC

*Attorneys for Plaintiff*
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:     (888) 595-9111
Facsimile:     (866) 565-1327